UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

HENRY RUEDA ORDONEZ,

    Petitioner,

v.

PAMELA BONDI,
*U.S. Attorney General*,
KRISTI NOEM,
*Secretary of Homeland Security*,
TODD M. LYONS,
*in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*,
and
VERNON LIGGINS,
*in his official capacity as Acting Field Office Director of the Baltimore Field Office, U.S. Immigration and Customs Enforcement*,

    Respondents.

Civil Action No. 26-0444-TDC

## ORDER

Petitioner Henry Rueda Ordonez, who is currently in immigration detention, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The parties have filed a Joint Notice stating that the factual and legal issues presented in this Petition are related to some of those previously presented in *Cardona y Cardona v. Noem*, No. 25-cv-2262-ABA, and *Lopez Lopez v. Noem*, No. 26-cv-0008-BAH. Specifically, the parties state that this case relates to "whether a noncitizen who has been charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and placed into removal proceedings is entitled to a bond hearing under 8 U.S.C. § 1226(a)." Joint Notice at 2, ECF No. 7. The parties further state that the Court should incorporate certain arguments from

Respondents' filings in *Cardona y Cardona* and *Lopez Lopez* into the record of this proceeding in lieu of further briefing. The Court will do so.

As a threshold issue, Respondents argue that the Court lacks jurisdiction to review Petitioner's detention based on 8 U.S.C. §§ 1252(g) and 1252(b)(9). The Court incorporates by reference its analysis of these same arguments in *Maldonado v. Baker*, No. 25-3084-TDC, 2025 WL 2968042 (D. Md. Oct. 21, 2025), *Villanueva Funes v. Noem*, No. 25-cv-03860-TDC, 2026 WL 92860 (D. Md. Jan. 13, 2026), and *Santamaria Orellana v. Baker*, No. 25-1788-TDC, 2025 WL 2841886 (D. Md. Oct. 7, 2025), and based on the same reasoning, rejects Respondents' present arguments that the Court lacks jurisdiction over the Petition pursuant to 8 U.S.C. §§ 1252(g) and 1252(b)(9). *See Maldonado*, 2025 WL 2968042, at *3–4; *Villanueva Funes*, 2026 WL 92860, at *2–4; *Santamaria Orellana*, 2025 WL 2841886 at *6–7.

As stated in *Lopez Lopez*, Respondents also argue that Rueda Ordonez is required to request a bond hearing, but in *Lopez Lopez* and the case cited in Respondents' brief in that case, the petitioners were differently situated in that they had been released on Alternatives to Detention ("ATD"), *see* Answer at 11, *Lopez Lopez*, No. 26-cv-0008-BAH, ECF No. 9; Answer at 1–3, *Garcia Vigil v. Noem*, No. 25-cv-03329-JRR, ECF No. 14-1. Under the present facts, under which Rueda Ordonez was arrested on the street, and was not released on ATD, the Court finds that he is not required to make such a request for a bond hearing for the reasons stated in *Maldonado*. *See Maldonado*, 2025 WL 2968042, at *4.

As for the issue of whether Rueda Ordonez is unlawfully subjected to mandatory detention under 8 U.S.C. § 1225(b)(2), and whether such detention without a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) violates due process, this Court concludes, as it did in *Maldonado*, that the detention of inadmissible noncitizens who were already present in the

United States, had not attempted to acquire legal entry or status, and were not actively doing so at the time of their detention is governed by § 1226(a), not § 1225(b)(2), and that mandatory detention of such an individual under § 1225(b)(2) violates due process. *See Maldonado*, 2025 WL 2968042, at *5–10. The Court incorporates by reference its detailed analysis of this issue in *Maldonado*.

Here, Rueda Ordonez's Petition presents a nearly identical factual situation to that at issue in *Maldonado* in that Rueda Ordonez's has been present in the United States for many years, and there is no basis to conclude that he is subject to mandatory detention based on criminal history or was seeking admission to the United States at the time of his detention. Accordingly, for the same reasons discussed in *Maldonado*, the Court concludes that Rueda Ordonez is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), that his current detention can be deemed lawful only under 8 U.S.C. § 1226(a), and that Respondents' detention of Rueda Ordonez without a bond hearing before an immigration judge pursuant to § 1226(a) violates his right to due process of law. *See Maldonado*, 2025 WL 2968042, at *5–10. The Court will therefore order that Rueda Ordonez receive a bond hearing. Because of prior instances in which petitioners have been unable to have their counsel represent them at an out-of-state bond hearing, even remotely, the bond hearing shall occur at an Immigration Court in Maryland. *See Amaya Lopez v. Liggins*, No. 26-0159-TDC (D. Md. 2026).

For the foregoing reasons, it is hereby ORDERED that Rueda Ordonez's Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED in that:

1. The Court finds that Rueda Ordonez's detention is governed by 8 U.S.C. § 1226(a) and enjoins detention of Rueda Ordonez pursuant to 8 U.S.C. § 1225(b)(2).

2. Rueda Ordonez is entitled to, and Respondents shall arrange for Rueda Ordonez to receive, a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1, 1003.19, and 1236.1.

3. The bond hearing shall be conducted pursuant to 8 U.S.C. § 1226(a), shall occur within **10 days** of the date of this Order, and shall be held at the Immigration Court in either Baltimore, Maryland or Hyattsville, Maryland, in order to ensure that Rueda Ordonez may be represented by his counsel.

4. If Rueda Ordonez is not provided with a bond hearing on these terms within **10 days** of the date of this Order, Respondents shall release Rueda Ordonez from custody.

5. Within **14 days** of the date of this Order, the parties shall file a Joint Status Report to confirm Respondents' compliance with this Order. If Rueda Ordonez has not been released from custody, the Joint Status Report shall state whether and when a bond hearing was held in accordance with this Order and shall state the grounds for the immigration judge's decision. The Joint Status Report shall also state whether the parties agree that this case may be closed, subject to the Court's retention of jurisdiction to enforce compliance with prior Orders.

Date: February 12, 2026

THEODORE D. CHUANG
United States District Judge